# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| YACHTBRASIL MOTOR BOATS AND CHARTERS, LLC, | ) ) ) | Case No. 3:17-cv-372 |
| *Plaintiff/Counter-Defendant*, | ) ) | Judge Travis R. McDonough |
| v. | ) ) | Magistrate Judge H. Bruce Guyton |
| FORWARD VENTURES GROUP PARTNERS, LLC, a/k/a ABSOLUTE NORTH AMERICA, | ) ) ) ) ) | |
| *Defendant/Counter-Plaintiff*. | ) | |

## MEMORANDUM OPINION

The trial in this matter was scheduled to take place on December 2, 2019. However, the Court concluded on November 26, 2019, that, due to both parties' noncompliance with the Court's scheduling order and the Federal Rules of Civil Procedure, proceeding to trial would unreasonably waste the Court's resources and a jury's time and effort. (Doc. 120.) For those reasons, the Court canceled the trial pending further order. (*Id.*) For the same reasons, explained more fully below, the Court will **DISMISS** both parties' claims **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) and **DENY AS MOOT** all pending motions (Docs. 96, 112, 114, 118).

I.  **PROCEDURAL HISTORY**

YachtBrasil filed this action against Forward Ventures in the Circuit Court for Miami-Dade County, Florida, on July 22, 2016. (Doc. 1-3.) Forward Ventures removed this action to the United States District Court for the Southern District of Florida on September 7, 2016. (Doc.

1.)  The case was transferred to the Eastern District of Tennessee, on August 22, 2017, and assigned to United States District Judge Thomas A. Varlan.  (Doc. 42.)  A jury trial was scheduled for July 23, 2018.  (Doc. 55.)  On January 22, 2018, YachtBrasil filed an amended complaint, adding two new claims.  (Doc. 67.)  On March 12, 2018, Forward Ventures filed counterclaims, which it revised on May 7, 2018.  (Docs. 71, 82.)

Judge Varlan held a hearing on June 13, 2018, during which he rescheduled the trial date for March 4, 2019.  On July 10, 2018, the case was reassigned to the undersigned, but the trial date remained the same.  (Docs. 86, 87.)  At that time, Forward Ventures's second motion to dismiss was pending before the Court.  (Doc. 57.)  On September 11, 2018, the Court denied that motion, except as to one count on which YachtBrasil conceded.  (Doc. 88, at 9.)

On October 23, 2018, Forward Ventures moved to amend the scheduling order and trial date, citing "adverse circumstances recently occurring that materially, adversely affecting [sic] Defendant's and its counsel's preparation for discovery, participating in party discovery depositions, and other trial preparation required under the schedule pursuant to the Scheduling Order."  (Doc. 89, at 1.)  YachtBrasil did not oppose the motion.  (*Id.*)

The Court entered an amended scheduling order on November 13, 2018, setting a trial date of November 4, 2019, and resetting the remaining deadlines accordingly.  (Doc. 91.)  The amended scheduling order provided deadlines for disclosure of expert testimony in accordance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure in August and September of 2018.  (*Id.*)  It also set new deadlines for the parties to disclose their final witness lists; to complete discovery; to complete pretrial disclosures in compliance with Rule 26(a)(3)(A)(ii) and (iii); to file motions *in limine*; to submit joint proposed jury instructions and a

2

final pretrial order; and to file trial briefs and an exhibit list with exhibits pre-marked for identification. (*Id.*)

Seven months passed, during which the parties filed nothing with the Court other than Forward Ventures's supplement to its answer to YachtBrasil's amended complaint (Doc. 92). The parties did not inform the Court of any discovery disputes, and no motions to compel were filed.

Then, on June 26, 2019, the parties jointly moved to continue the trial date and extend certain deadlines. (Doc. 93.) The parties represented that continuing the trial date was necessary because the date coincided with the busiest week of the year for the parties' businesses. (*Id.* at 2.) Additionally, the parties informed the Court that they had scheduled depositions for June 26 and 27, 2019, after the second amended scheduling order's deadlines for disclosure of the parties' final witness lists and the close of discovery. (*Id.*) The parties requested that these deadlines, as well as the deadline to file any dispositive motions, be extended "[d]ue to the possibility of new witnesses, documents, or other information coming to light during these depositions[.]" (*Id.*) The Court continued the final pretrial conference to November 18, 2019, and the trial to December 2, 2019, but declined to grant any other extensions. (Doc. 94, at 2.) Instead, the Court allowed the parties to "engage in additional discovery by agreement[.]" (*Id.*)

No dispositive motions or *Daubert* motions were filed. On September 23, 2019, the deadline for pretrial disclosures, Forward Ventures filed and served pretrial disclosures, but YachtBrasil did not. (*See* Doc. 95.) Forward Ventures also filed two motions *in limine* on October 7, 2019, the deadline for such motions. The first motion *in limine* sought to exclude YachtBrasil's undisclosed evidence of lost-profits damages because YachtBrasil failed to disclose any calculations or evidence of damages, either in initial disclosures under Federal Rule

of Civil Procedure 26(a)(1) or in pretrial disclosures under Rule 26(a)(3). (Doc. 96.) The second motion *in limine* sought to exclude the testimony of any witness because YachtBrasil failed to disclose any witnesses. (Doc. 97.) Both motions *in limine* were brought pursuant to Federal Rule of Civil Procedure 37(c), which provides that if a party fails to disclose information or witnesses as required by Rule 26(a), or to supplement under Rule 26(e), the party is "not allowed to use that information or witness to supply evidence . . . at trial, unless the failure was substantially justified or is harmless." YachtBrasil filed no timely motions *in limine* and did not timely respond to Forward Ventures's motions *in limine*.

Forward Ventures filed proposed jury instructions on the October 14, 2019 deadline (Docs. 98, 99, 100, 101); YachtBrasil did not. The parties did not comply with the scheduling order's instruction that they file joint proposed instructions (Doc. 91, at 2), so the Court ordered them to do so by November 4, 2019. (Doc. 102, at 1.) The Court further stated, "The parties are **ADVISED** to review the scheduling order to ensure they comply with all other deadlines and are fully prepared for the final pretrial conference on November 18, 2019." (*Id.* at 1–2.) The parties filed the joint proposed jury instructions the day after the extended deadline. (Doc. 105.)

At the final pretrial conference on November 18, 2019 (Doc. 109), counsel for YachtBrasil argued that Forward Ventures was not prejudiced by his failure to disclose witnesses in this case, because all of YachtBrasil's witnesses were disclosed in prior litigation years ago. Recognizing YachtBrasil's failure to comply with the Rules and its orders, the Court granted Forward Ventures's second motion *in limine* (Doc. 97). (Doc. 110.) The Court, however, allowed counsel for YachtBrasil to file a motion for reconsideration by November 20, 2019, if there was any reason the undisclosed witnesses should not be excluded. (*Id.*)

4

Despite filing its second motion *in limine*, seeking to exclude evidence based on YachtBrasil's lack of initial disclosures, Forward Ventures had likewise failed to make such disclosures with respect to its counterclaims. The Court was unaware of this failure until the final pretrial conference, when counsel for YachtBrasil asserted the failure and counsel for Forward Ventures acknowledged it. The Court took Forward Ventures's first motion *in limine* under advisement and extended the deadline for YachtBrasil to file its own motion *in limine* to November 22, 2019. Only after the Court's extended filing deadlines had passed did YachtBrasil file a motion for reconsideration of the Court's order granting Forward Ventures's second motion *in limine* (Doc. 112) and its own motion *in limine* to exclude Forward Ventures's undisclosed evidence of damages (Doc. 118). Counsel for YachtBrasil has offered no valid reason for the latest failures to comply with the Court's order.

The Court held a telephonic status conference on November 25, 2019. (*See* Doc. 119.) Finding that neither party was prepared for trial, the Court canceled the trial. (Doc. 120.) Rather than allow the parties to waste more the Court's—as well as a jury's—the time and effort, the Court will **DISMISS** each parties' claims **WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b) for the parties' failure to comply with the Court's scheduling order and the Federal Rules of Civil Procedure.

## II.  STANDARD OF LAW

Rule 41(b) gives this Court the authority to dismiss a case for "failure . . . to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

>   dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

### III.  ANALYSIS

As to the first factor, both parties' failures are their fault, and neither has an excuse. To be sure, the parties' levels of noncompliance were not equal. However, both parties were aware of the deadlines in the Court's amended scheduling order and the requirements set forth in the Federal Rules of Civil Procedure, and neither fully complied. As such, this first factor weighs in favor of dismissal.

As to the second factor, both parties' failures to comply with the Court's orders have prejudiced the other party's ability to prepare for trial and necessitated a delay of the trial and the determination of the parties' rights. *See Norris v. MK Holdings, Inc.*, 734 F. App'x 950, 958–59 (6th Cir. 2018) (finding prejudice when a party's conduct "cost the [other party] significant time and money and delayed the progression of the case"). Forward Ventures has asserted that "Plaintiff should not be allowed to benefit from its repeated noncompliance with the Court's Orders and Federal Rules of Civil Procedure . . . ." (Doc. 115, at 8.) The Court agrees and extends the same reasoning to Forward Ventures's noncompliance, albeit not as pervasive.

As to the third factor, the Court did not specifically warn the parties that this action could be dismissed if they failed to comply with the Court's orders. However, the Court did offer the parties an opportunity to address this course of action during the November 25, 2019, status conference, and the parties are better off having their cases dismissed than if the Court were to grant each party's motions *in limine* to exclude undisclosed evidence of damages.

Finally, as to the fourth factor, the Court finds that a lesser sanction of dismissal without prejudice would be effective. The Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a), will reset the limitations period if needed, and, therefore, dismissal without prejudice will not bar a resolution of the parties' claims on the merits. Furthermore, this approach will allow the parties time to comply with the substance of all discovery and disclosure obligations prior to refiling, thereby avoiding further unreasonably burdening and wasting the Court's resources.[1] Moreover, dismissing YachtBrasil's claims or proceeding to a trial without evidence from YachtBrasil, while defensible, would hardly be fair given Forward Ventures's own failures.

## IV.  CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of **DISMISSAL WITHOUT PREJUDICE** of YachtBrasil and Forward Ventures's claims pursuant to Rule 41(b) and **DENIES AS MOOT** all pending motions (Docs. 96, 112, 114, 118).

Finally, if the parties refile this action in federal court, they **SHALL** refile in this Court and this action **SHALL** be brought before the undersigned. The Court **DIRECTS** the parties to refile this action only after they have completed all discovery and pretrial disclosures and are fully prepared to go to trial. Because the parties have chosen not to avail themselves of the Court's authority over management of discovery, the Court will not consider any relief on discovery disputes after refiling. It will, however, dismiss claims with prejudice, as appropriate, to the extent the parties do not comply with discovery obligations prior to refiling. The parties **SHALL** file their pretrial disclosures, final witness lists, joint exhibit list, joint proposed jury

---

[1] The parties did not address the failures described herein—and others—with the Court during the well over two years it has been pending here. They likewise will not be invited to do so in the future, as provided below.

7

instructions, proposed pretrial order, and trial briefs on the same day this action is filed. No amendments to the form of the pleadings already on file will be allowed without leave of the Court. Therefore, responsive pleadings shall be filed immediately upon filing and service of any claims. The Court intends to try this matter within thirty days of its refiling.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**